116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vladimir AIVAZIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70172.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 6, 1997.*
Decided June 10, 1997.
 
 1
 Before BRUNETTI and O'SCANNLAIN, Circuit Judges, and HOGAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Vladimir Aivazian appeals the Board of Immigration Appeals' ("the Board") denial of his application for asylum and withholding deportation under sections 208 and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158 & 1253(h). We review the Board's denial of asylum for abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). The Board's denial of asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Factual findings underlying the decision, including whether the alien has proved a well-founded fear of persecution, are reviewed for substantial evidence. Prasad v. INS, 101 F.3d 614, 617 (9th Cir.1996). Similarly, the Board's decision whether to withhold deportation pursuant to section 243(h) is reviewed for substantial evidence. Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996). We have jurisdiction under 8 U.S.C. § 1105(a) and affirm the Board's denial of asylum and withholding of deportation.
 
 I. Denial of Asylum
 
 4
 The Board concluded: (1) that petitioner did not establish past persecution in Armenia; (2) that conditions have changed in Armenia such that petitioner cannot establish a well-founded fear of persecution upon his return there; and (3) that petitioner cannot qualify for asylum from Russia because he may safely return to Armenia. These findings are supported by substantial evidence.
 
 
 5
 "An application for asylum shall be denied if the applicant establishes past persecution under this paragraph but is determined not also to have a well-founded fear of future persecution...." 8 C.F.R. § 208.13(b)(1)(ii). An applicant for asylum who establishes past persecution, shall be presumed also to have a well-founded fear of persecution unless a preponderance of the evidence establishes that since the time the persecution occurred conditions in the applicant's country of nationality or last habitual residence have changed "to such an extent that the applicant no longer has a well-founded fear of being persecuted if he were to return." 8 C.F.R. § 208.13(b)(1)(i)
 
 
 6
 Even if we were to assume that Aivazian can establish past persecution in Armenia, he cannot establish a well-founded fear of persecution upon his return there. In denying Aivazian's application for asylum, the Board found that conditions had changed in Armenia to the extent that petitioner did not have a well-founded fear of future persecution. The record before the Board contained two State Department country reports on Armenia from 1993 and 1995 which indicate that Armenia is building a "democratic, multiparty republic with a parliamentary system of government." Further, the 1995 report indicates that "Armenia has compiled one of the better human rights records of the former Soviet republics."
 
 
 7
 The Board found that the events underlying Aivazian's persecution claim occurred in the context of the breakup of the Soviet Union when the political situation in Armenia was in a state of great flux. More recent State Department reports led the Board to conclude that the situation in Armenia had changed. Substantial evidence supports the Board's conclusion that the record established by a preponderance of the evidence that conditions in Armenia have changed to "such an extent that [Aivazian] no longer has a well-founded fear of being persecuted if he were to return."
 
 
 8
 Further, Aivazian does not qualify for asylum from Russia as a "refugee" based on persecution on account of political opinion and membership in an ethnic group. Because the Board's conclusion that Aivazian may safely return to Armenia (a "country of nationality") is supported by substantial evidence, Aivazian does not qualify as a "refugee" under section 101(a)(42)(A) of the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(42)(A).
 
 II. WITHHOLDING OF DEPORTATION
 
 9
 Because Aivazian failed to prove that he had a well-founded fear of persecution in Armenia, he also failed to prove by a "clear probability" that he will suffer persecution if he returns to Armenia as required for withholding of deportation. INS v. Stevic, 467 U.S. 407, 430 (1984); Martinez-Sanchez v. INS, 794 F.2d 1396 (9th Cir.1986).
 
 
 10
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3